**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH MAKYNEN, ) | CASE NO.   1:09-cv-2818 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| v. ) | |
| ) | |
| THE PRUDENTIAL INSURANCE ) | MEMORANDUM OPINION |
| COMPANY OF AMERICA, INC., *et al.*, ) | |
| ) | Doc. No. 7 |
| Defendant. ) | |

This case is before the magistrate judge on consent.  Before the court is the motion of defendant the Prudential Insurance Company of America, Inc. ("Prudential") to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("R. 12(b)(6)") for failure to state a claim upon which relief may be granted.  Doc. No. 7.  Plaintiff, Elizabeth Makynen ("Makynen"), opposes Prudential's motion.  Doc. No. 16.  For the reasons given below, the court DENIES Prudential's motion.

I

Except where otherwise noted, Makynen pleads or does not deny the following facts.  Gilbert E. Reed, Jr.("Reed") was Makynen's son.  Lynne Marion ("Marion") was Reed's girlfriend.  Reed was employed by Foseco Metallurgial, Inc. ("Foseco").  Prudential was the insurer under a policy of group life insurance offered by Foseco,

dated effective January 1, 2006 ("the policy").  The policy was an employee welfare benefit plan within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1)(A), and an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).  Reed had designated Makynen as his beneficiary under the policy.

Reed died on November 28, 2008.  After Reed's death, both Marion and Foseco told Makynen that she was the beneficiary under the policy.  On December 18, 2008, Makynen made a claim pursuant to the policy.

On January 7, 2009, Prudential told Makynen that she was not the beneficiary under the policy.  Eventually, Prudential gave Makynen a copy of a beneficiary form designating Marion as the beneficiary under the policy.  *See* Prudential's Motion, Exh. B.  In the upper left-hand corner of the form is the title, "Cookson Welfare Benefit Plan."  In the upper right-hand corner is the legend, "Enrollment/Change Form."  Reed apparently completed the form on November 7, 2008, the date on which he signed the form.  The form includes a space in the lower left-hand corner termed "Effective Date."  In that space is printed "1/1/09."  In the lower right-hand corner is a space termed "Entered."  In that space is printed "HRB 11/26/08."  Makynen alleges that Foseco supplied the wrong beneficiary form to Prudential, which caused Prudential to pay the wrong person benefits under the Policy.  Prudential contends that the form was "clearly acceptable to and accepted by Prudential . . . ."  Reply, Doc. No. 19, p. 1.

According to Makynen, Marion made a claim as a beneficiary pursuant to the policy and accepted payment from Prudential, even though Marion knew that she was not entitled to such a payment.

Makynen filed a complaint in this court on December 3, 2009, asserting a claim

2

of denial of insurance coverage against Prudential and a claim of fraud against Marion. Makynen asserts federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because the policy is an employee welfare benefit plan and an employee benefit plan within the meaning ERISA.  Both Prudential and Marion deny the allegations of the complaint.  In addition, Marion asserts a counterclaim against Makynen, alleging that Makynen's fraud claim is frivolous and in violation of Fed. R. Civ. Proc. 11 and Ohio Rev. Code § 2323.01.  Prudential now moves to dismiss Makynen's claims against it.

II

In deciding a motion to dismiss under R. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic Corp. v.*] *Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant -unlawfully-harmed-me accusation.  *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.,* at 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.,* at 556, 127 S. Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to

3

relief.'"  *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).  According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible."  Weisbarth*, 499 F.3d at 541 (quoting *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)).  That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief."  *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

Documents referenced in the pleadings and central to plaintiff's claims, matters of which a court may properly take notice, public documents, and letter decisions of government agencies may be appended to a motion to dismiss.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007).  Otherwise, if a party appends matters outside the pleadings to a motion to dismiss and the court considers that material, the motion must be treated as a motion for summary judgment made pursuant to Fed. R. Civ. P. 56.  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009).

III

Prudential moves to dismiss Makynen's complaint because, according to Prudential, Mayynen pleads facts that preclude a claim upon which relief may be granted.  Makynen responds that she does not plead the facts that Prudential attributes to her and denies that her complaint may be dismissed as a matter of law.

4

Makynen's complaint alleges that Prudential improperly denied insurance coverage by failing to pay her pursuant to the policy upon the death of Reed.  She contends that the change of beneficiary form, which allegedly made Marion the beneficiary under the policy, states on its face that the change of beneficiary was not effective until January 1, 2009.  Prudential responds that the terms of the plan specify that a change in beneficiary is effective when the change of beneficiary form is signed.  As the form was signed on November 7, 2008, Prudential argues, that is the date on which Marion became Reed's beneficiary under the policy.

In relevant part, the policy provides as follows with regard to changing a beneficiary:

> "Beneficiary" means a person chosen, on a form approved by Prudential, to receive the insurance benefits. . . . You may change the Beneficiary at any time without the consent of the present Beneficiary.  The Beneficiary change form must be filed through the Employer.  The change will take effect on the date the form is signed.

Foseco Metallurgical, Inc.:  Employee Term Life Coverage, Accidental Death and Dismemberment Coverage, Prudential's Motion, Exh. A, p. 20.

Prudential argues as follows:

> Here, Plaintiff admits that her son filled out and executed a change in beneficiary form naming Marion as the beneficiary rather than Plaintiff. (Compl. ¶ 12.) Plaintiff does not dispute that that form was signed by Reed before his death. (*Id.* ¶ 12; *see also* Exh. B.)  Plaintiff acknowledges that Prudential paid Marion the life insurance benefits pursuant to that executed change in beneficiary form. (*Id.* ¶ 14.)  However, Plaintiff would prefer that Prudential (and this Court) ignore the date Reed signed it – despite explicit plan terms that the date he signed it is the effective date – and instead enforce a notation at the bottom as to an effective date that occurred a month after Reed's death such that Plaintiff can receive the life insurance benefits.  This Prudential could not do.

Prudential's Motion at 5.  In a footnote, Prudential adds, "At the bottom of the change

5

form, the Court will note several blanks that were filled in by someone with initials HRB and dated November 26, 2008. These blanks are typically filled in by the employer upon its receipt of the form."

Makynen responds as follows.  First, the form, on its face, makes no reference to Foseco Prudential, or the policy, referencing only the "Cookson Welfare Benefit Plan." Thus, it is unclear whether the change form was approved by Prudential, as required by the policy, or whether the form is related to the policy in any way.  In addition, the policy requires a change in beneficiary to be effective upon the date the change form is signed while the change form submitted as evidence by Prudential includes a space to add an "effective date."  This raises additional questions about the relationship between the change form and the policy.  Second, there is no indication on the form or anywhere else on the record that the form was filed through Reed's employer, as required by the policy.  The complaint alleges that Foseco told Makynen that she was the beneficiary under the policy.  Assuming the facts Makynen pleads to be true, there is, then, some reason to question whether the form was filed through Foseco.  Moreover, if Foseco was in the process of being acquired by another company, as Makynen notes in her opposition, the record does not indicate which company was acquiring Foseco, when the date of the takeover occurred, and to which employer the change of beneficiary form should have been submitted.  Finally, the significance of the notation "HRB" in the "Entered" space on the form, dated nearly three weeks after Reed signed the form and two days before he died, is not explained by the record.  Prudential asserts in a footnote that "[t]hese blanks are typically filled in by the employer upon its receipt of the form," but a footnote in a reply brief is not evidence.  Further, even if Prudential's footnote is

6

correct, there is no indication in the record regarding which company employed HRB and if that was the company which should properly have been processing the change form.  In sum, the change form that Prudential submits as evidence that the change of beneficiary from Makynen to Marion properly occurred on November 7, 2008 is sufficiently problematic on its face to preclude a dismissal as a matter of law.

Accepting as true all of the factual allegations in the complaint and viewing those facts in a light most favorable to plaintiff, Makynen alleges sufficient facts to state a claim to relief that is plausible on its face.  Prudential fails to demonstrate that it is entitled to judgment as a matter of law pursuant to R. 12(b)(6).

V

For the reasons given above, the court DENIES Prudential's motion to dismiss.

IT IS SO ORDERED.


Date:  July 20, 2010                    /s/ *Nancy A. Vecchiarelli*
                                        U.S. MAGISTRATE JUDGE